Hanson, J.
sat alone when the special verdict was argued, and delivered the following opinion:
In this case there are three plausible arguments on the side of the defendant.
First. That the deed, conveying the lands in question to the plaintiff, from the defendant, and the plain *239 tiff’s bond to the defendant for reconveyance, must be taken together, to constitute a mortgage ; that the debt, for which this mortgage was given, has been extinguished since the commencement of the action, by the tender of principal, interest and costs ; and that after this extinction, the mortgagee can be considered in no other light, with respect to his title in the land, than as the trustee of the mortgagor; that it is a settled point, that a trustee cannot recover in ejectment against cestui que trust; and further, that no man shall recover in ejectment against the contract contained in his own bond or covenant.
Second. That if the above argument be not conclusive in favour of the defendant, he is, notwithstanding, entitled to the judgment of the Court, under the statute of 7 Geo. II. c. 20. having done that, since the commencement of the action, which amounts in law to a complete payment of principal, interest, and costs.
Third. That if the said statute, in its directions respecting payment cannot be complied with by any, unless an actual payment, its directions respecting a tender are sufficiently complied with in the present case, by the tender of principal, interest, and costs, -without bringing the money into Court; that the said statute required money to be brought into Court after tender and refusal, for no other reason than because it was still due to the plaintiff; that under the operation of the tender law, the money tendered for principal, interest, and costs, doer, not remain due after the tender and refusal, and therefore there can be no necessity for bringing it into Court 5. that the direction of the said statute for that purpose, is to be considered as repealed by the tender law, or at least suspended during the existence of that law.
It cannot be denied, that modern decisions in the Courts of Westminster, have settled the law, that aman shall not recover in ejectment, either where he has *240 passed such a bond or covenant as will entitle the defendant to relief in equity,, against the judgment at law ; or where there have been such transactions between the parties, as make the plaintiff, in effect, to be no more than a trustee for the defendant.
In the present case, it is far from being clear, that the defendant, after judgment in this Court, may obtain relief in chancery, either on account of the bond, or on account of the tender and refusal. On the contrary, I am thoroughly persuaded, that the Chancellor, on the circumstances only, stated in this special verdict, will not grant a perpetual injunction for precluding the plaintiff from the benefit of his; judgment here. That the Chancellor, on a bill to foreclose, (had such a bill been preferred in chancery by the present plaintiff, after the tender of the whole debt in paper,) that the Chancellor, in that case, I say, must have considered the debt extinct under the tender law, and must, therefore, have dismissed the bill, I verily believe, because there would be no debt existing, whereon to ground the foreclosure. But the plaintiff has taken a better course, and there is nothing in that law to oblige the Chancellor, on the circumstances stated in the verdict,, r.o grant a perpetual inj unction for staying the proceedings- in this Court. Should the defendant apply for such injunction, I have no doubt that the Chancellor would tell him, u In this Court, no man can obtain relief, without first doing justice himself. You say, that it is unreasonable for the plaintiff at law to obtain possession of that land, which was only mortgaged to him for a debt which no longer exists. But have you conscientiously discharged that debt ? You have only proved the tender of bills of credit, which (had they been actually received) would not have been a conscientious discharge of the debt; and, although I am bound by the provisions of the tender law, and shall never exercise a jurisdiction which sets the legislature at defiance, *241 l am happily not bound to do that which you unreasonably require. The provisions of the tender law do not extend to your case.”
With respect to the arguments founded on the statute of 7 Geo. II. c. 20. there is no doubt that, before that statute, a mortgagee would obtain judgment on an ejectment brought against the mortgagor, after the day of payment had elapsed, and the money remained unpaid.
The bringing of the money into Court could have availed nothing for the defendant. Indeed there is no authority in the books to evince, that before that statute, even a complete payment after the day, could prevent the judgment at law. If the defendant, before that statute, could have prevented judgment by doing those things which the statute requires, there was no necessity for the interference of the legislature.
Agreeably to the rules which prevailed in our Provincial Court, respecting the adoption of English statutes, I am satisfied, that the statute of 7 Geo. II. c. 20. makes a part of our law, under the constitution. Have then the directions of that statute been complied with ? Assuredly they have not; since there has been neither an actual payment of principal, interest and costs, nor a bringing of the money into Court. Have the directions of the statute been complied with so far as was necessary, after the passage, and during the existence of the .tender law ? I think not. It does not appear to me, that the tender law repealed any part of that statute. It only substituted bills of credit for specie, and put it in the power of the defendant either to make his payment in. those bills, or to bring them into Court, if the plaintiff would not receive them. It would be strange, if this Court, by extending the tender law beyond its express provision, should make it repeal an equitable provision in the statute, and produce this monstrous absurdity and. injustice, that the mortgagor shall not be discharged from his debt by the tender of it in real money, unless he *242 afterwards produce it for the mortgagee'in Court; but, if he make the tender in an unsubstantial substitute for money, he shall not be obliged to do any tiling further.
The tender law indeed provides, that a debt shall not ■ be recovered after tender and refusal, and compels the creditor, if required, to relinquish his security. Blit the present suit is not an action brought for the recovery of the debt, and I know of no rule of construction, which obliges, or would even justify me, in extending the operation of that law, to a case neither comprehended within its express provisions, nor arising from necessary implication, and to make it work further injustice, by considering a tender and refusal of paper money, as a full payment of real money, to all intents and purposes. Where the law says expressly, that it shall be a payment, neither this nor any other Court, I presume, will say Otherwise, where the question is between citizens of this state only.
It is neither said expressly, nor is it from the whole ' law to be implied, that á tender and refusal of bills Of predit shall be a full payment, to all intents and purposes whatsoever. There may be conceived a variety of cases* where such tender and refusal, although amounting in law to an extinguishment of the debt, may not be viewed precisely in the same light as an actual payment.
' Upon the whole, therefore, although I admit the decisions in the Courts of Westminster to be sound law ; although I consider the present case a,s a case between mortgagee and mortgagor; although I conceive the Said statute of Geo. II. to constitute part of our system, and admit the binding force of the tender law between citizens of this state, in all cases comprehended within its provisions, I see nothing to preclude the plaintiff' from >tjie judgment of the Court,,
Let judgment be entered accordingly,
*243 The defendant appealed and the case abated in that 1794. to the Court of Appeals, Court, at November term,